NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEREK MCKINNIE,<br><br>    Plaintiff,<br><br> v.<br><br>PORT AUTHORITY OF N.Y & N.J. POLICE, et al.,<br><br>    Defendants. | CIVIL NO. 06-4938 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

  This matter comes before the Court on the application to proceed in forma pauperis made by Plaintiff Derek McKinnie. The Court has reviewed Mr. Kinnie's application to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(a), grants the application. The Court has also reviewed the Complaint, and pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) - (iii), dismisses the Complaint, in its entirety, on the Court's own motion.

**I. Background**

  Derek McKinnie filed this complaint on October 16, 2006 against the Port Authority of N.Y. & N.J. Police; the Township of North Bergen; the North Bergen Municipal Prosecutors Office; the State of N.J. Motor Vehicle Commission; and the State of N.J. Auto Insurance "Surcharge An Collection" (stet.).

  McKinnie's complaint provides very little by way of factual allegations or legal

claims.  Under the heading "Cause of Action" he states: "Transcript an (stet.) document from North Bergen Municipal Court on proceeding on Derek McKinnie, also orgin (stet.) ticket an (stet.) court date are provided."  Attached to the complaint are numerous documents, including correspondence between McKinnie and the North Bergen Municipal Court, a traffic ticket issued to McKinnie, an "Installment Payment Order" requiring McKinnie to pay a fine of $186.00, correspondence between McKinnie and the State Motor Vehicle Commission, and a notice indicating suspension of McKinnie's driving privileges, a notice of appeal of a New Jersey municipal court judgment, a State of New Jersey Automobile Surcharge and Collection Notice.

     Based on these documents, it appears that McKinnie was involved in a car accident in Jersey City, New Jersey on March 8, 2006.  As a result of this accident, McKinnie was issued a ticket for reckless driving.  He contested the ticket in the Township of North Bergen Municipal Court, and lost.  He was ordered to pay $186.00 and his driver's licence was suspended.  McKinnie appealed the municipal court judgment.  The outcome of that appeal is unclear.  As a consequence of the reckless driving citation, McKinnie was assessed an automobile insurance surcharge of $150.00.

     McKinnie's complaint requests damages of "88 Billion 61 Thousand Dollars."

**II.**   **Discussion**

     Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915.  In order to prevent abusive or captious litigation, § 1915(e)(2)(B)  requires that the Court dismiss a case if it determines that the action cannot or should not proceed on the merits.  See Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to

prosecute an action which is totally without merit").  The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  A pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Mr. Kastner is a *pro se* plaintiff.  As such, the Court will construe his pleadings liberally and to a less stringent standard than those pleadings filed by lawyers.  Haines v. Lerner, 404 U.S. 519, 520 (1972).  However, even applying this generous standard, the Court finds that Plaintiff's complaint must be dismissed both because the action is frivolous and the complaint fails to state a claim on which relief may be granted.

The Court has reviewed Mr. McKinnie's entire submission and is unable to discern any claims for relief.  The Court has not even been provided with sufficient information to determine whether it has jurisdiction.  McKinnie's submission of documentary evidence and vague allegations fail to satisfy the notice pleading requirement of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Alston v. Parker,

363 F.3d 229, 232-33 (3d Cir. 2004).  The Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  Even broadly construing McKinnie's pleading, the complaint fails to provide this notice.  As such, McKinnie's complaint must be dismissed.

### III.     Conclusion

For the reasons set forth above, this Court will dismiss this action without prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B)(I) - (iii).  An appropriate form of order will be filed herewith.

<u> /s/ Stanley R. Chesler    </u>
Stanley R. Chesler, U.S.D.J.

Dated: March 2, 2007